[S. F. No. 5782. Department Two.—July 16, 1912.]

McNEILL AND COMPANY (a Corporation), Respondent, v. JOHN DOE (real name Charles Reick), Defendant and Appellant, and M. O. Hirsch, Defendant.

PLACE OF TRIAL—CHANGE TO COUNTY OF DEFENDANT'S RESIDENCE—ONLY ONE MOTION FOR CAN BE MADE—INSUFFICIENT AFFIDAVIT OF MERITS.—Under sections 395 and 396 of the Code of Civil Procedure, but one right is given to a defendant in a personal action to move to change the place of trial of the action to the county of his residence, and but one time fixed when he may assert it, and he is only then entitled to an order therefor upon a sufficient showing in his affidavits of merits. If his motion therefor, made at the time he filed his demurrer, is properly denied for an insufficient affidavit of merits, he cannot subsequently renew the motion on the ground that the action was not brought in the proper county.

ID.—SUBMISSION OF SUBSEQUENT MOTION ON BRIEFS—CONSENT TO MOTION.—The submission, by consent of counsel and of the trial court, of a subsequent motion for a change of the place of trial, to be argued on briefs, did not operate as a consent on the part of counsel for the plaintiff and the court that the defendant might renew the motion and relate back so as to revive the original motion.

ID.—CONVENIENCE OF WITNESSES—MOTION FOR CHANGE—DISCRETION—CONFLICTING AFFIDAVITS.—The matter of granting a change of the place of trial on the ground of convenience of witnesses is addressed to the sound discretion of the trial court, and the appellate court will not interfere with its exercise unless it appears that such discretion has been abused or injustice done by the ruling. There is no abuse of discretion shown in denying the motion for the change, when the affidavits of the plaintiff in opposition to the motion, show that his witnesses would be inconvenienced by the change.

PRACTICE—SETTING CAUSE FOR TRIAL—NOTICE OF APPLICATION NOT REQUIRED—NOTICE OF DAY SET FOR TRIAL.—Section 594 of the Code of Civil Procedure does not require that a party intending to apply to

the court to have a day fixed for the trial should give notice of his intended application to the adverse party. The section only requires that a five days' notice of the time set for the trial shall be given.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing to change the place of trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

T. E. Clark, for Appellant.

Strother & Aynesworth, for Respondent.

LORIGAN, J.—This appeal is from an order denying the motion of defendant Reick (sued as John Doe) for a change of the place of trial of the action and from the judgment entered against him.

The suit was in claim and delivery to recover from defendant Reick possession of a piano alleged to have been delivered to him by the defendant Hirsch, a piano salesman for plaintiff in exchange for a secondhand automobile, without authority so to do.

The action was commenced in the superior court of Fresno County and summons served on defendant Reick in Tulare County on May 17, 1910. On June 9, 1910, defendant Reick filed a demurrer to the complaint and at the same time served notice and demand for a change of the place of trial from Fresno County to Tulare County on the ground that he was a resident of the latter county when the action against him was commenced. This demand was accompanied by what purported to be an affidavit of merits. Before the day noticed for hearing of his motion Reick filed a supplemental affidavit of merits. The motion was denied on June 20, 1910. The order of denial was clearly right as the original and supplemental affidavits of merits were radically defective in essential particulars. No claim to the contrary is made by appellant. In fact no appeal has been taken from this order.

On July 5, 1910, defendant Reick filed his answer and therewith served another notice of demand for a change of the place of trial on the ground of his residence in Tulare County when the action was commenced, and on the further

ground of the convenience of witnesses; this demand also being accompanied by an affidavit of merits. On July 18th this motion on both grounds was denied; properly as applying to the demand for a change on the ground of the residence of defendant for reasons hereafter to be given, and properly also on the ground of alleged convenience of witnesses, as the affidavit of merits contained neither the names of the witnesses nor any statement of the matters to which they would testify. Nothing, however, need further be said about this order as no appeal has been taken from it.

On August 27, 1910, defendant again served a notice and demand for a change of the place of trial, both on the ground of his residence in Tulare County when the suit was commenced, and the further ground of the convenience of witnesses, filing therewith an affidavit of merits addressed to both grounds. The plaintiff filed a counter affidavit on the matter solely of the convenience of witnesses. The motion for a change came on for hearing on September 12, 1910, when it was agreed that it should be submitted to the court on briefs and it was so ordered. Thereafter, on October 10, 1910, the court entered an order denying it.

This appeal is taken from this last order and from the judgment subsequently entered against the defendant.

The order appealed from as far as it denied the application for a change of the place of trial on the ground of the residence of the defendant was correct. Section 395 of the Code of Civil Procedure gives to a defendant sued in an action such as was brought against appellant here the right to a trial of the cause in the county where he resided when suit was brought. The procedure for securing this right— the filing of a demand that it be had in the county of his residence made at the time he answers or demurs accompanied by an affidavit of merits—is provided for by section 396 of the Code of Civil Procedure. Thereunder but one right is given to a defendant to move on that ground, and but one time fixed when he may assert it and he is only then entitled to an order therefor upon a sufficient showing in his affidavit of merits. The appellant here was required to make his motion for the change when he filed his demurrer and he did so, but as his affidavit of merits was entirely insufficient within the plain requirements of the law, the court

·properly denied his motion.  He accepted this ruling as correct, as it undoubtedly was, and it was conclusive of any right to subsequently renew his motion on his own initiative and on the same ground.  His right to move ended with that denial.  Hence, when he made this third motion on the same ground of residence in Tulare County, the court properly denied it as his right to move in that respect was exhausted with the denial of his original application.

Appellant claims, however, that because counsel on both sides agreed to submit this last motion to the court to be argued on briefs and the court entered an order to that effect, this operated as a consent on the part of counsel for plaintiff and the court that appellant might renew the motion and related back so as to revive the original motion.  There is nothing in this claim.  The court simply entertained the motion because it was made and it was its duty to do so, and pass upon it, and as far as the agreement to submit on the part of plaintiff is concerned it only operated to just the extent it was intended,—namely, to permit a written argument on the motion instead of arguing it orally.

As to the denial of the motion on the ground of the convenience of witnesses.  Appellant lays but little stress for a reversal of the order on this point.  Whatever other reasons might be assigned in support of the order of the court denying a change on this ground, it is sufficient to say that while the affidavits on the part of appellant tended to show some inconvenience in the attendance of his witnesses should the trial be held in Fresno County, the affidavit of the plaintiff in some degree tended to show a like inconvenience to the witnesses of plaintiff if the trial was changed to Tulare County.  The matter of granting a change of the place of trial on the ground of convenience of witnesses is a matter addressed to the sound discretion of the superior court and this court will not interfere with its exercise unless it appears that such discretion has been abused or injustice done by the ruling.  The situation presented here does not admit of such a claim.

As to the appeal from the judgment little need be said on that subject.  Under section 594 of the Code of Civil Procedure on application of counsel for the plaintiff and without notice to the appellant, the cause being at issue, the

court fixed the day for its trial. Plaintiff served notice on the attorney for appellant of the day fixed therefor by the court and on failure of the appellant or his counsel to appear on the day set judgment was entered for plaintiff. The claim of the appellant is that he should have had notice of the intended application to the court by counsel for plaintiff to have a day fixed for the trial. But the section does not require it; only that he shall have five days' notice of the time set for trial and this he fully had. The validity of the judgment is attacked on other grounds but as they are of less merit than the point last considered we do not discuss them.

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.