[Civ. No. 7689. Second Appellate District, Division One.—March 22, 1934.]

CHARLES W. STORY, Appellant, v. ESTELLE PORTER CHRISTIN et al., Respondents.

Clyde C. Shoemaker, J. F. Moroney and John Stewart Ross for Appellant.

Charles A. Christin for Respondents.

HOUSER, J.— The pertinent facts as they appear in the brief filed by the appellant, and with which statement of facts "respondents agree", are as follows:

"The defendants filed a demurrer to the complaint, and a demand for a change of venue, accompanied by an affidavit of merits and a notice of motion. The motion was noticed for Monday, the 7th day of April, 1930, but was continued from time to time, and was finally heard on May 16, 1930. However, prior to the hearing upon said motion and upon the demurrer, to-wit, on April 28, 1930, the plaintiff served and filed an amended complaint, as of course, and this amended complaint was, therefore, on file on May 16, 1930, when defendants' motion was heard.

"The motion for the change of venue was presented and argued on May 16, 1930, and the court on said date made an order denying the motion. Thereafter, to-wit, on or about June 3, 1930, the defendants served and filed a demurrer to the amended complaint, a motion to strike and a new demand for a change of venue upon the same grounds, accompanied by an affidavit of merits and a notice of motion, in which notice was given that the defendants would on Monday, the 16th day of June, 1930, move the court for its order transferring said cause from the county of Los Angeles to the city and county of San Francisco.

"The said amended complaint, filed on April 28, 1930, was for the same cause of action stated in the original complaint, and, except for a slight change in paragraph II with respect to the parties, the only difference between the two complaints was that in paragraph V of the amended complaint the facts were pleaded a little more fully than in paragraph V of the original complaint.

"The hearing on defendants' second motion for a change of venue was continued from time to time and was finally heard on June 26, 1930, at which time the matter was argued and submitted, and on July 17, 1930, the court in effect reversed its previous position and made an order granting the defendants' motion for change of venue from the Superior Court of Los Angeles county to the Superior Court of the city and county of San Francisco. It is from this latter order that the present appeal is prosecuted."

The case of *Jones* v. *Frost*, 28 Cal. 245, contains an indication that unless an amended complaint changes "the identity of the action", no new or additional rights are created by such amended complaint in favor of, or conferred upon, the defendant to move for a change of venue.

In *Buell* v. *Dodge*, 57 Cal. 645, it is said: "Dodge's right to a change of the place of trial is to be determined by the then conditions of the case, and could not be taken away by statements in an amended complaint subsequently filed."

In *Remington S. M. Co.* v. *Cole*, 62 Cal. 311, it was held that the right to an order by which a motion for change of venue may be granted "is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action".

After reviewing several authorities, in the case of *Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 Pac. 209, 211], it was ruled to the same effect as in the case last hereinbefore cited. In part, the court said:

"The statute requires the motion to be made 'at the time' the defendant appears and answers or demurs. If he does not then make the motion he is not entitled to make it at any subsequent stage of the proceedings, even though the condition of the case may be such that if it could be then made it would be granted. (*Remington S. M. Co.* v. *Cole*, 62 Cal. 318.) . . . "

See, also, *Ah Fong* v. *Sternes*, 79 Cal. 30, 33 [21 Pac. 381]; *Hennessy* v. *Nicol*, 105 Cal. 138 [38 Pac. 649]; *McClung* v. *Watt*, 190 Cal. 155, 159 [211 Pac. 17].

In addition to such authorities, the ruling in the case of *McNeill & Co.* v. *Doe*, 163 Cal. 338 [125 Pac. 345, 346], would seem to be determinative of the question here at issue. In effect, it was there held that when a motion for a change of venue has been made and the motion denied, the power on the part of the defendant to again move for a change of venue does not exist, but "is exhausted"; and the defendant may not renew the motion. The following language is indicative of the decision by the court:

"Section 395 of the Code of Civil Procedure gives to a defendant sued in an action such as was brought against appellant here the right to a trial of the cause in the county where he resided when suit was brought. The procedure for securing this right—the filing of a demand

that it be had in the county of his residence made at the time he answers or demurs accompanied by an affidavit of merits—is provided for by section 396 of the Code of Civil Procedure. Thereunder but one right is given to a defendant to move on that ground, and but one time fixed when he may assert it and he is only then entitled to an order therefor upon a sufficient showing in his affidavit of merits. The appellant here was required to make his motion for the change when he filed his demurrer and he did so, but as his affidavit of merits was entirely insufficient within the plain requirements of the law, the court properly denied his motion. He accepted this ruling as correct, as it undoubtedly was, and it was conclusive of any right to subsequently renew his motion on his own initiative and on the same ground. His right to move ended with that denial. Hence, when he made this third motion on the same ground of residence in Tulare county, the court properly denied it as his right to move in that respect was exhausted with the denial of his original application.''

Since none of the authorities cited by respondents are in conflict with the several precedents to which attention has hereinbefore been directed, it follows that the order from which the appeal is taken should be reversed. It is so ordered.

Conrey, P. J., and York, J., concurred.