[Civ. No. 12012.   First Dist., Div. One.   Feb. 6, 1942.]

JAMES P. CONNELL, Respondent, v. E. L. BOWES et al., Appellants.

Charles A. Christin and T. J. Keegan for Appellants.

James R. Agee and Harold C. Holmes, Jr., for Respondent.

WARD, J.—Appeal by defendants from two orders—one denying their motion for a change of venue, and the other denying an application for relief under the provisions of section 473 of the Code of Civil Procedure.

The action is one to compel the specific performance of an alleged contract for the sale by defendants Bowes of 2,500 shares of the stock of defendant hotel corporation to plaintiff. The complaint alleges that the contract is in writing, was entered into in Alameda County and provides for the delivery of the stock upon the payment of a specified sum on or before January 2, 1945; that on the 25th day of July, 1940, in the county of Alameda plaintiff tendered the purchase price, but defendants failed and refused to deliver the stock. Appellants filed a demurrer and notice of motion for change of venue, accompanied by affidavit, averring the residence of all the defendants in the city and county of San Francisco. No reference was made in the motion or in the supporting affidavit to the allegation in the complaint that the contract was entered into in the county of Alameda. The motion was denied. No appeal was taken from the order, which has become final. Subsequently defendants filed a second motion for change of venue to the city and county of San Francisco, also based upon the residence of defendants therein; in addition they averred that the contract was entered into, and to

be performed, in said city and county; they denied the allegation in the complaint that it was entered into, or to be performed, in the county of Alameda. The second motion was timely and the supporting affidavit set forth the original and a new statement of facts.

The right to a change of venue is generally determined by the allegations of the complaint and the condition of things at the time the parties claiming the change first appear in the action. (*Remington S. M. Co.* v. *Cole,* 62 Cal. 311; *Story* v. *Christin,* 137 Cal. App. 484 [30 Pac. (2d) 1016].) A second motion for a change of venue should be discouraged if the complaint and the conditions remain unchanged. (*McNeill & Co.* v. *Doe,* 163 Cal. 338 [125 Pac. 345]; Code Civ. Proc., sec. 396.) It was never contemplated that determination of the merits of an action should be delayed by repetition of a motion for change of venue when it appears that the second motion is based upon a ground that could have been presented upon the first motion.

The new state of facts set forth in the second motion related to the claim of defendants that the contract was to be performed in the city and county of San Francisco. In considering such motion the court would have the right to inspect the allegations of the complaint to determine whether jurisdiction was in the county wherein the action was filed. (*Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744]; *Turlock Theatre Co.* v. *Laws,* 12 Cal. (2d) 573 [86 Pac. (2d) 345, 120 A. L. R. 786].) An inspection demonstrates that a denial of the second motion could have been sustained upon the record.

The second motion was accompanied by an application for relief under section 473, Code Civ. Proc., i.e., an order setting aside the denial of the first motion for change of venue, permitting defendants to file an amended affidavit of merits thereon, and restoring such motion to the court's calendar, upon the ground of excusable neglect, inadvertence and surprise, based upon an affidavit that the defendants' attorney had misunderstood statements of his clients relative to the county wherein the contract had been entered into. It appears from appellants' brief that two contracts had been entered into, one in Alameda County and one in the city and county of San Francisco.

Appellants call attention to *Palmer & Rey* v. *Barclay,* 92 Cal. 199 [28 Pac. 226] and *Jaques* v. *Owens,* 18 Cal. App.

114 [122 Pac. 430] in support of their theory that the original affidavit of merits could have been amended. Amendments to affidavits of merit were allowed in the cases cited, but before an order made denying the motion for change of venue. In the present proceeding an amendment to the original affidavit of merits could not be considered on the second motion for change of venue until the order of denial of the first had been set aside.

The court in its discretion had a right to weigh the statements in the second affidavit against the allegations of the complaint, and its finding will not be disturbed unless an abuse of such discretion appears. Under all of the circumstances as they appear in the record, the decision of the trial court is conclusive.

The order of August 12, 1940, denying defendants' second motion for change of venue, and that made and entered on the same day denying relief under the provisions of section 473 are and each of them is affirmed.

Peters, P. J., and Knight, J., concurred.