[Civ. No. 7264. Third Dist. Sept. 4, 1946.]

EMANUEL LA LUMIA et al., Appellants, v. NORTHERN CALIFORNIA PACKING COMPANY (a Partnership) et al., Respondents.

Darrah & Ellis for Appellants.

Donald B. Fowler and W. Coburn Cook for Respondents.

THOMPSON, J.—This is an appeal by plaintiffs from an order of the Superior Court of San Joaquin County, (a) setting aside a previous order denying change of venue, and, (b) granting change of venue to Stanislaus County.

The allegations of the complaint are to the effect that the plaintiffs are partners operating under the name of Farmington Winery; that defendants N. Ghiz and Frank Y. Khinoo are doing business as a partnership under the firm name of Northern California Packing Company; that on the 28th of September, 1944, by a written contract plaintiffs purchased from defendants approximately 800 tons of grapes produced during 1944, for the purpose of making wine or other products at $105 per ton, roadside. It is also alleged that defendants agreed to deliver the grapes to the winery at Farmington, San Joaquin County; that at the time of making the contract the plaintiffs gave to defendants $5,000 as advance payment; that defendants delivered only 15½ tons and failed to deliver the remaining 784½ tons of grapes; that during

the period when the same quantity and quality of grapes could have been purchased on the market in San Joaquin County the price had increased $35 per ton and the grapes so undelivered would have been worth $27,457.50 more than the contract price. Accordingly the plaintiffs ask damages in that sum.

Defendants appeared by demurrer and filed notice of motion for change of venue to Stanislaus County, basing said motion on an affidavit by Frank Y. Khinoo, stating: That he is a bona fide resident of the city of Turlock, Stanislaus County; that N. Ghiz is a resident of the city of Glendale, county of Los Angeles; that under the terms of the contract the ''Northern California Packing Company was to deliver to the Farmington Winery warehouse, all grapes purchased roadside in the County of Stanislaus; that said contract, according to the said terms, was to be performed in the County of Stanislaus.'' A counteraffidavit was filed by Ignatius Russo, one of the plaintiffs, which alleges that the grapes were to be delivered at the winery or distillery at Farmington, San Joaquin County; that by reason of the fact said grapes were to be delivered to the winery of plaintiffs at Farmington in the county of San Joaquin the Superior Court of San Joaquin County is the proper court for the trial of the action.

The motion was, on September 12, 1945, denied by the court.

The defendants, on September 24th, filed a new notice of motion for change of venue, supported by two affidavits of Frank Y. Khinoo, the first one setting forth his residence and that of N. Ghiz and stating that the contract was entered into and was to be performed in the county of Stanislaus. The second affidavit states that affiant previously, through mistake and inadvertence, made the following statement: ''The Northern California Packing Company was to deliver to the Farmington Winery warehouse all grapes purchased roadside in the County of Stanislaus''; that said statement does not represent the true facts or intention of affiant; that affiant intended to state that the grapes were sold according to the terms of the contract at $105 per ton roadside; that all the grapes were situate in the county of Stanislaus; that buyer was to take possession of grapes in Stanislaus County and furnish transportation therefrom to Farmington in the county of San Joaquin.

The notice of motion incorporates a copy of the contract which specifically provides that "Said crop to be delivered at the winery or distillery at Farmington, California." The notice then concludes: "That there was inadvertence and mistake because the said Frank Y. Khinoo did not fully understand the statements made in said affidavit and did not intend to make such statement."

A counteraffidavit was filed by one Joe Chiana, stating that at the time of the making of the contract he was the duly authorized agent of the plaintiffs and as such signed said contract on behalf of Farmington Winery; that the defendant. Frank Y. Khinoo stated to affiant that the sellers would deliver the grapes to the winery of the Farmington winery and "that the sellers would take care of the trucking and that the Farmington Winery would pay for the hauling." A further affidavit was filed by plaintiff Emanuel La Lumia to the effect that 15½ tons of grapes were delivered to the winery at Farmington and plaintiffs thereafter paid defendants for hauling said grapes from roadside Stanislaus County to said winery.

On September 28, 1945, the court made an order that the order denying change of venue be set aside, and ordered that the motion for change of venue be granted. From these orders the plaintiffs have appealed.

We are of the opinion the trial court inadvertently changed the place of trial to Stanislaus County since the contract, which is the basis of the action for damages for breach thereof, as the complaint alleges specifically provides that it is to be performed by delivery of the grapes in San Joaquin County wherein the suit was properly commenced. Under the circumstances of this case plaintiffs had the option to commence this action for damages for breach of contract to sell and deliver grapes at plaintiffs' winery in Farmington, San Joaquin County, in: (1) The county where the obligation was to be performed, (2) the county where the contract was entered into, or, (3) the county where the defendants, or any of them, reside. San Joaquin County was therefore a proper county in which to commence and maintain the action. (Code Civ. Proc., § 395; 55 C.J. § 1110, p. 1120.) Clearly, the written contract provides for performance thereof by delivery of the grapes by defendants to plaintiffs' winery at Farmington, San Joaquin County. The contract definitely states:

"Said crop to be delivered at the winery or distillery at

Farmington [San Joaquin County], California. . . . It is understood that said grapes are purchased for the purpose of crushing for the making of wine or other products at the winery or distillery *where said grapes are to be delivered,* and said grapes shall be delivered at the time or times when the same can be crushed and utilized *at said point of delivery.* . . .

"Buyer shall have the option to refuse to accept any of said grapes that shall in any manner not come within the specifications of this contract *at the time of delivery.* . . . Said grapes shall be weighed . . . at the plant *where said grapes are to be delivered.* . . ."

It is true that the contract, with reference to the quantity, price and varieties of grapes to be purchased, further provides as follows:

"

| TONS | VARIETY | PRICED PER TON | SUGAR PER CENT |
|------|---------|----------------|----------------|
| 800 more or less | all variety | $105.00 roadside | |

"

The foregoing quoted language follows a preceding separate paragraph of the contract which specially declares that "Said crop to be delivered at the winery or distillery *at Farmington, California.*" Clearly, the price per ton to be paid "roadside" is separate and distinct from the requirement to deliver the grapes "at the winery . . . at Farmington [San Joaquin County], California." It may be reasonably reconciled with numerous statements of the contract requiring delivery at Farmington, to mean that plaintiffs will pay per ton "$105.00 roadside," at the vineyard in Stanislaus County where the grapes are produced, but that defendants must deliver them at Farmington, and plaintiffs will pay in addition to the stipulated purchase price of $105 per ton the cost of transporting them from "roadside" to the winery at Farmington. That is the exact construction placed upon the contract by both parties. The affidavits of appellants which were presented on the motion for change of venue, and which are not controverted, aver that it was agreed "sellers would deliver grapes to the winery . . . at Farmington, California; that the sellers would take care of the trucking and that the

Farmington Winery *would pay for the hauling*," from the vineyard "roadside" to the winery at Farmington.

In support of defendants' recognition of that construction of the contract, plaintiff, La Lumia, further averred that, "defendants . . . did deliver about 15-1/2 tons of grapes to the winery of the plaintiffs at Farmington, San Joaquin County, California, and that thereafter plaintiffs paid the defendants for hauling said grapes from roadside Stanislaus County to said winery."

▮ The language of the contract that plaintiffs agreed to pay "$105.00 roadside" relates only to the price of the grapes and not to the place of delivery. It indicates that the net price to be paid defendants was $105 per ton and that plaintiffs would agree to defray the cost of transporting them from "roadside" to the winery at Farmington. Any other construction would result in rejecting entirely the specific requirement to deliver them at the winery. The foregoing construction is necessary to give effect to both provisions.

In view of the established rule that a contract must be construed, if reasonably practicable, so as to give effect to every provision and part thereof (Civ. Code, § 1641; Code Civ. Proc., § 1858; 4 Cal.Jur. 10-Yr.Supp. (1943 rev.) § 165, pp. 111-112), we are impelled to hold that the written agreement to sell the grapes required defendants in performance thereof to deliver them at the winery in San Joaquin County at plaintiffs' cost of transportation; and that it was therefore a proper county in which to maintain the cause of action. It follows that the trial court therefore incorrectly construed the contract and erroneously granted the motion for change of venue to Stanislaus County.

▮ The construction of the language of a contract, in the absence of other evidence, is purely a question of law. Under such circumstances a reviewing court is not bound by the construction thereof by the trial court, but must "make the final determination in accordance with the applicable principles of law." (*Estate of Platt*, 21 Cal.2d 343, 352 [131 P.2d 825]; 6 Cal.Jur. § 192, p. 326.) A court may neither add nor reject material stipulations. A trial court has no such discretion on a motion for change of place of trial or otherwise.

▮ In the present case the affidavit of defendants states no probative facts. It merely states their conclusion regarding the construction of the language employed, which is clearly

wrong. Their affidavit shows that defendants' conclusion is based solely on the language of the contract. On the first application for change of venue, which was denied, affiant averred that ''by the terms thereof, to-wit: and as more specifically *set forth in said contract,* the said Northern California Packing Company *was to deliver to the Farmington Winery Warehouse,* all grapes purchased roadside in the County of Stanislaus; that the said contract, *according to the said terms,* was to be performed in the County of Stanislaus.'' Based upon that language and upon the court's construction of the contract, the trial court correctly determined that the grapes were to be delivered at the winery in San Joaquin County, and denied the motion. Later, upon a renewal of that motion under section 473 of the Code of Civil Procedure to vacate the former order and to grant the motion for change of venue on account of alleged mistake and inadvertence of the affiant Khinoo in construing the contract, it was merely stated that the former admission that the grapes were to be delivered ''to the Farmington Winery warehouse'' was erroneous and that affiant ''intended to state, . . . that the buyer, the Farmington Winery, was to accept delivery of the grapes so purchased roadside in the County of Stanislaus.''

The respondents concede that the contract and the affidavits on motion for change of venue were the only evidence considered by the court. The final affidavit for relief under section 473 contains no statement of probative facts which would justify the court in assuming that the first order denying the change of venue was rendered on account of the mistake or inadvertence of defendants or the court. It contains no statement of facts except the conclusion of the affiant that the contract required delivery of the grapes at ''roadside'' instead of at the winery in Farmington. The final affidavit merely shows that affiant changed his mind regarding the construction of the contract. The construction of the contract was a pure question of law for determination of the court, and not one for the affiant to decide. We are of the opinion there was no showing of mistake of facts or inadvertence warranting the setting aside of the original order denying the change of venue and entering a contrary order based upon the same facts.

To authorize a court to grant relief under section 473 for mistake or inadvertence, it is necessary for the applicant therefor to state in his affidavit the *probative facts* showing

his mistake of facts. His mere conclusion regarding the construction of a contract is insufficient. (*California Bean Growers Assn.* v. *C. H. & O.B. Fuller Co.*, 78 Cal.App. 522 [248 P. 967] ; 15 Cal.Jur. § 126, p. 25.) In the preceding cited case an order changing the place of trial was reversed. The court said at page 524:

"The appellant claims that the statement in Mr. Fuller's affidavit is but the conclusion of the affiant. We think that that contention is correct. On the hearing of the motion to change the place of trial the very fact in dispute was the question as to where the contract was made. When such is the case the witness should state the probative facts and leave the court or jury to draw its conclusion therefrom."

In the preceding case the question was in what county the contract was made. In the present case the question is in what county was the contract to be performed or fulfilled. The principle governing both questions is the same. This case required a judicial construction of the contract. In 15 California Jurisprudence, page 25, section 126, it is said:

"The mistake or inadvertence which will justify equitable relief may be the mistake of the court; it cannot, however, be a mistake of law or an inadvertent conclusion as to what the law is, but must be a mistake or inadvertence in doing something not intended to be done."

The court had no discretion to change the place of trial on account of the mere residence of one of the defendants, if the case was properly filed in the county in which the contract was to be performed. It was so filed.

The order for change of venue and the order setting aside an order denying defendants' motion to change the place of trial are reversed.

Adams, P. J., and Peek, J., concurred.