[Civ. No. 14135.   First Dist., Div. One.   Aug. 11, 1949.]

YELLOW MANUFACTURING ACCEPTANCE CORPORA-
TION (a Corporation), Respondent, v. W. BENJAMIN
STODDARD, Appellant.

Hindin, Weiss & Girard for Appellant.

V. G. Skinner for Respondent.

BRAY, J.—Defendant Stoddard appeals from superior court orders (1) denying his motion, made under section 473 of the Code of Civil Procedure, for an order vacating the court's order denying motion for change of venue, and (2) from an order denying his second application for change of venue.

### CONTENTIONS

Defendant contends that the court abused its discretion in denying both motions.

### PROCEEDINGS

Defendant and one French were named as defendants in an action brought in the Superior Court of Alameda County for damages based upon a contract. The complaint did not allege the residence of either defendant. On June 29th, a return showing service of summons on French on June 17th in Stanislaus County was filed. Thereupon defendant Stoddard filed a demurrer and notice of motion for change of venue and affidavit. This affidavit stated that Stoddard had

never been a resident of Alameda County, but was a resident of Los Angeles County, and that the contract was made and performed there. Nothing was said concerning the residence of French. Plaintiff filed no counteraffidavit. Its complaint alleged that the contract was made "so far as this plaintiff is concerned" in Alameda County. On September 17th, the court denied the motion for change of venue, and sustained defendant's demurrer to the complaint. No appeal was taken from the court's rulings. ■ Defendant half concedes that the court's action was proper in view of his failure to allege that defendant French was a nonresident of Alameda County, although at one place in his brief, defendant intimates that the fact that the return of service of summons showed service on defendant French in Stanislaus County and that his time to answer had expired, is of some significance. However, the fact that defendant French was served in Stanislaus County raised no presumption that he resided there. ■ Defendant could have obtained permission to amend his moving papers so as to set up the residence of French (*Joe Lowe Corp.* v. *Rasmusson,* 53 Cal.App.2d 490 [127 P.2d 1002]), but did not see fit to do so. ■ No authorities are cited (and there are none) supporting the proposition that these circumstances negative in any way the well settled requirement that a nonresident moving for a change of venue must show affirmatively that no defendant is a resident of the county in which the action is brought. (*Donohoe* v. *Wooster,* 163 Cal. 114 [124 P. 730]; *Kraft* v. *Innis,* 57 Cal.App.2d 637 [135 P.2d 29].)

On September 18th, the default of French was entered. On September 22d, plaintiff filed an amended complaint. On October 15th, defendant Stoddard filed a demurrer to this complaint and (1) notice of motion, under section 473 of the Code of Civil Procedure, to vacate the order of September 17th, and (2) a new motion for change of venue including an affidavit showing defendant Stoddard's residence to be Los Angeles County and defendant French's residence to be Stanislaus County, and that the contract was entered into and performed in Los Angeles County. Plaintiff filed no counteraffidavit. On November 1st the court denied both motions. Plaintiff appeals from both denials.

1. COURT PROPERLY DENIED MOTION UNDER SECTION 473, CODE OF CIVIL PROCEDURE

■ The notice of motion to set aside the order denying the motion for change of venue of September 17th stated that it

would be "based pursuant to provisions of Section 473 of the Code of Civil Procedure on the ground that the denial of defendant's previous Motion for Change of Venue was occasioned by mistake, inadvertence or excusable neglect in failing to include in the affidavit of W. Benjamin Stoddard an allegation relative to the residence of Harold R. French as will appear from the Affidavit of Maurice J. Hindin filed concurrently herewith." The affidavit accompanying the motion, after setting up the residence of French in Stanislaus County, states "that the said fact was inadvertently omitted from" the affidavit on the first application and that "the failure to include the address of Harold R. French in the original preparation of the affidavit was occasioned by inadvertence, mistake, and/or excusable neglect on the part of your affiant." The facts of the alleged "inadvertence, mistake, and/or excusable neglect" are not set forth. ██ As said in *La Lumia* v. *Northern Cal. Packing Co.*, 75 Cal.App. 2d 917, 923 [172 P.2d 94]: "To authorize a court to grant relief under section 473 for mistake or inadvertence, it is necessary for the applicant therefor to state in his affidavit the *probative facts* showing his mistake of facts." None such were shown here. The mere allegations of conclusions of inadvertence are not sufficient to justify a court in granting relief under section 473. Moreover, the granting of relief under that section is in the broad discretion of the court. Where no facts are alleged upon which to exercise that discretion, we cannot say that the court abused its discretion in refusing to act. Hence the motion was properly denied.

## 2. COURT PROPERLY DENIED SECOND APPLICATION

██ Defendant concedes that the general rule is that he is only entitled to make one motion for a change of venue, but contends that where conditions have changed subsequent to the ruling on the first application, the court may consider a second motion. He bases his contention on the fact that a second application for change of venue was made in *Connell* v. *Bowes*, 49 Cal.App.2d 542 [122 P.2d 71]. There the court was considering appeals (1) from an order denying defendants' second motion for change of venue, and (2) from an order denying their application for relief under the provisions of section 473. Although the court stated that the second application and the motion for relief set up a new state of facts, and the motion for relief stated facts upon which the trial court could have excused the inadvertence and neglect

of counsel, it affirmed the lower court's orders denying both motions. In our case, there is no new state of facts alleged. The only actual difference between the conditions at the times of the two applications is that, at the time of the second application, the default of French had been entered, although he was actually in default at the time of the first application. This is not the type of change of conditions contemplated by the Connell case. ██ As there said (p. 544) : ''The right to a change of venue is generally determined by the allegations of the complaint and the condition of things at the time the parties claiming the change first appear in the action. (*Remington S. M. Co.* v. *Cole,* 62 Cal. 311; *Story* v. *Christin,* 137 Cal.App. 484 [30 P.2d 1016].) A second motion for a change of venue should be discouraged if the complaint and the conditions remain unchanged. (*McNeill & Co.* v. *Doe,* 163 Cal. 338 [125 P. 345] ; Code Civ. Proc., sec. 396.) It was never contemplated that determination of the merits of an action should be delayed by repetition of a motion for change of venue when it appears that the second motion is based upon a ground that could have been presented upon the first motion.'' ██ Here, nothing was raised in the second application that could not have been raised in the first. The fact that plaintiff did not deny by counteraffidavit the statement as to French's residence in the affidavit on the second application did not change the situation that existed at the time of the first application. The return of service of summons on French in Stanislaus County was before the court on the first application; and in the second application, even though his default had been entered, he was still a defendant in the case.

In *McNeill & Co.* v. *Doe,* 163 Cal. 338 [125 P. 345], the court said (p. 340) referring to the right to move for change of venue: ''. . . but one right is given to a defendant to move on that ground, and but one time fixed when he may assert it and he is only then entitled to an order therefor upon a sufficient showing in his affidavit of merits.'' The situation in that case was similar to the one in the case at bar. The defendant's first motion was defective because ''his affidavit of merits was entirely insufficient within the plain requirements of the law.'' (P. 340.) He then made a second and even a third motion. The decision holds that as the court had properly denied his first motion, its ruling was ''conclusive of any right to subsequently renew his motion on his own

initiative and on the same ground. His right to move ended with that denial.'' (P. 341.)

While it is true that a defendant's right to have the action tried in the county of his residence is a substantial and material right (*Thurber* v. *Thurber,* 113 Cal. 607 [45 P. 852]), it is a right which can be exercised only by a proper application to the court. (*McNeill & Co.* v. *Doe, supra* [163 Cal. 338].) Here, defendant made his application, but obtained a ruling adverse to him, and is not now entitled to a second application upon the same grounds (in the absence, of course, of circumstances which, under section 473, would entitle him to relief). To allow a second application under the circumstances of this case would mean that there never would be a *final* ruling of the court on the question of venue. A defendant could bring not only a second but a third and fourth application. As said in *Story* v. *Christin,* 137 Cal.App. 484, 486 [30 P.2d 1016] : ''. . . the ruling in the case of *McNeill & Co.* v. *Doe,* 163 Cal. 338 [125 P. 345, 346], would seem to be determinative of the question here at issue. In effect, it was there held that when a motion for a change of venue has been made and the motion denied, the power on the part of the defendant to again move for a change of venue does not exist, but 'is exhausted'; and the defendant may not renew the motion.''

The denial of the first motion was proper because of defendant's failure to allege the residence of his codefendant French. His motion under section 473 was properly denied, as he alleged no facts excusing his failure to make such allegation. His second application for change of venue (if a second one will lie) was properly denied as there was no change of circumstances from the first one, and all matters which he attempts to raise under the second application could and should have been included in the first one.

The orders are affirmed.

Peters, P. J., and Ward, J., concurred.