[Civ. No. 17518.   Second Dist., Div. One.   July 17, 1950.]

MERLE H. CLARK et al., Respondents, v. TIDE WATER ASSOCIATED OIL COMPANY (a Corporation), Appellant.

W. F. Kiessig, Edmund D. Buckley, Harrison Guio and Charles O'Gara for Appellant.

Robert E. Krause and Allen R. Steele for Respondents.

DRAPEAU, J.—Plaintiffs own a large combination truck and passenger-car service station in Long Beach.  They leased it to defendant corporation for a term of 20 years commencing on August 1, 1947.  For about 18 months prior thereto, plaintiff husband had successfully operated said station.

By the terms of the lease defendant agreed (1) to pay a monthly rental of 1 cent per gallon of gasoline, ½ cent per gallon of diesel and ½ cent per gallon of butane sold by it at and from the station, the minimum rental to be not less than $170 per month (paragraph 3) ; (2) to operate the service station ''in good faith and with reasonable diligence in conformity with the operating standards of lessee'' (paragraph 3a) ; (3) to commence to install butane storage and dispensing facilities within 90 days after August 1, 1947 (paragraph 14).

Paragraph 4 of the lease provides that ''If during the term hereof, or any extension thereof, Lessee shall default in the

payment of rental or in the keeping or performing of any of the covenants or conditions herein contained to be kept or performed by Lessee, and if such default shall not be corrected within a period of twenty (20) days after receipt of written notice from Lessor, specifying said default, Lessor shall have the right at Lessor's election to terminate this lease or to re-enter the demised premises and remove all persons therefrom or to take any other action for the enforcement of any right or remedy available to Lessor by law or equity.''

On May 27, 1948, plaintiffs commenced the instant action to recover damages for breach of the terms of the lease. The first cause of action alleged failure to operate the station in conformity with the operating standards of defendant, as required by paragraph 3a, resulting in damage to the extent of $4,850. The second cause of action alleged failure to commence installation of the butane facilities under paragraph 14, and prayed for damages in the amount of $4,850, or a total of $9,700, plus reasonable attorneys' fees.

The cause was tried with a jury, and during the trial defendant's motions for nonsuit and directed verdict were denied. A verdict was returned in favor of plaintiffs for $4,000 on the first cause of action; for $1,000 on the second cause of action, and the court fixed attorneys' fees at $500. Judgment was entered accordingly for a total of $5,500, from which defendant appeals.

It is here contended that the court's refusal to grant the motions for nonsuit and directed verdict was error justifying reversal of the judgment for the following reasons:

(1) Failure of respondents to comply with paragraph 4 of the lease by giving the 20-day notice of default which, it is urged, was a condition precedent to the right to sue.

(2) Respondents' assignment of all rentals to the Bank of America as security for a promissory note made the bank a necessary party to the action.

(3) By their letter to appellant dated December 17, 1947, respondents waived their cause of action for failure to install the butane facilities.

It is also urged (4) that the trial court erred in admitting evidence of respondents' prior operation of the service station as a yardstick to determine the operating standards of appellant and the amount of damages sustained; (5) that assuming the respondents' theory of the measure of damages is correct, the verdict was grossly excessive and without support in the evidence; (6) that the trial court erred in the admission and

exclusion of evidence and in its refusal to give certain instructions requested by appellant.

The record discloses that respondents did not allege or offer to prove that they gave the written notice of default required by paragraph 4 of the lease. In fact, their counsel, in his arguments against the motions for nonsuit and directed verdict, admitted that such notice was not given. In denying the motions, the trial court commented that said paragraph "has reference solely to the extraordinary remedy of terminating the lease . . . an action for damages . . . is not contemplated."

■ From a cursory reading, the disputed paragraph appears clear and unambiguous and rather sweeping in its terms: In the event of a default by lessee in payment of rental or in the performance of any of the covenants or conditions contained in the lease, and if such default be not corrected within 20 days after receipt by lessee of written notice specifying the default, lessor shall have the right to elect to terminate the lease or to reenter the premises and remove all persons therefrom, or *"to take any other action for the enforcement of any right or remedy available to lessor by law or equity."* (Emphasis added.)

As was aptly stated in *La Lumia* v. *Northern Cal. Packing Co.,* 75 Cal.App.2d 917, 922 [172 P.2d 94] : "The construction of the language of a contract, in the absence of other evidence, is purely a question of law. Under such circumstances, a reviewing court is not bound by the construction thereof by the trial court, but must 'make the final determination in accordance with the applicable principles of law.' (*Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825] ; 6 Cal.Jur. § 192, p. 326.)"

See, also, *Lane-Wells Co.* v. *Schlumberger Well Surveying Corp.,* 65 Cal.App.2d 180, 184 [150 P.2d 251], where it is said:

"The contract contains within its terms no ambiguity or uncertainty. Its construction therefore must be derived solely from the language within its borders and effect must be given to all parts of the writing. . . . Under that principle the reviewing court is not bound by the decision of the trial court made either without the aid of evidence or where there is no conflict in the evidence."

That written notice of default was within the contemplation of the parties is given further credence by paragraph 15 of the lease which recites in detail the mailing addresses to which any and all written notices should be sent.

While it is true that the lease was drawn by appellant, respondent husband was not exactly a novice. He was well informed and experienced in the business, having successfully operated the service station for some 18 months prior to the execution of the instant lease.

Having adopted the condition precedent embodied in paragraph 4, respondents' failure to comply therewith is fatal. As a result, appellant's motion for nonsuit should have been granted on the ground that respondents failed to state or prove their cause of action for breach of contract.

Because of the conclusion reached on the main point of this appeal, no useful purpose would be served by a discussion of the other issues raised by appellant, hereinabove recited.

For the reasons stated, the judgment is reversed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 8, 1950.