Filed 3/25/14  Manhattan Loft v. Mercury Liquors CA4/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MANHATTAN LOFT, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MERCURY LIQUORS, INC.,<br><br>    Defendant and Respondent. | B245476<br><br>(Los Angeles County<br>Super. Ct. No. BC386087) |

APPEAL from an order and a judgment of the Superior Court of Los Angeles County.  Richard L. Fruin, Jr., Judge.  Affirmed in part, reversed in part, and remanded for further proceedings.

Leonard, Dicker & Schreiber, Richard C. Leonard, Steven A. Schuman and Christopher L. Frost for Plaintiff and Appellant.

Freedman + Taitelman, Michael A. Taitelman; Jacqueline C. Brown; Greines, Martin, Stein & Richland, Robin Meadow and Jeffrey E. Raskin for Defendant and Respondent.

_____

This appeal continues protracted litigation between two parties to a lease: plaintiff and appellant Manhattan Loft, LLC, as lessor, and defendant and respondent Mercury Liquors, Inc., as lessee. It is undisputed that (1) the parties' lease required defendant to obtain certain insurance and to defend and indemnify plaintiff in certain circumstances; (2) the lease also required plaintiff to give notice of a default; (3) defendant did not obtain insurance before a loss occurred; (4) defendant did not defend or indemnify plaintiff in an underlying arbitration; and (5) plaintiff did not give defendant notice of these alleged defaults until after the loss occurred and the underlying arbitration had concluded. Plaintiff sued defendant for breach of lease, arising out of defendant's failure to obtain insurance and failure to defend and indemnify it from the claims in the arbitration. Defendant moved for summary adjudication on the grounds that, inter alia, plaintiff had not complied with a condition precedent of the lease, namely it failed to give notice to defendant of its alleged defaults.

The trial court granted defendant's motion on the grounds that plaintiff did not give defendant written notice of its alleged defaults. As all other claims had been withdrawn or resolved, it then entered judgment in favor of defendant. Plaintiff appeals, arguing: (1) The notice provisions were removed from the parties' lease; and (2) It would have been futile for it to give notice to defendant of its failure to obtain insurance after the loss occurred.

We conclude that the notice provisions were not removed from the lease. Thus, plaintiff had a duty to give notice to defendant of the three alleged defaults under the lease (failure to obtain insurance; failure to defend in the arbitration; failure to indemnify). That said, we also agree with plaintiff that giving notice of the failure to obtain insurance after the alleged loss had already occurred would have amounted to an idle act; by that time, defendant would not have been able to obtain the contractually-

2

required insurance.[1]  And, triable issues of material fact exist regarding when plaintiff should have given that notice.

Accordingly, we affirm the trial court's order granting defendant's motion for summary adjudication of issue Nos. 2 and 3.[2]  We reverse the trial court's order granting defendant's motion for summary adjudication of issue No. 1.  The judgment is reversed, and the matter is remanded to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Purchase Agreement; the Purchase Addendum; and the Lease*

"[Plaintiff] is the owner of a 14-story building located at 215 West Sixth Street in downtown Los Angeles (the building).  [Plaintiff] purchased the building from Sixth & Spring, LLC, pursuant to a purchase agreement and subject to an existing lease for a portion of the basement and first floor (the bar space) to [defendant]."  (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1045–1046.)[3]  The parties also executed a four-page purchase addendum.

Certain lease provisions are key to this litigation.  At paragraph 8, the lease requires defendant to carry liability and business interruption insurance.  The lease also requires defendant to defend and indemnify plaintiff against claims "arising out of, involving, or in connection with, the use and/or occupancy of the Premises by

---

[1]  As discussed below, plaintiff only argues futility with respect to the claim for the failure to obtain insurance.

[2]  As discussed below, defendant styled its motion as one for summary adjudication of issues.  But, it treated each issue as a separate cause of action within the one cause of action for breach of lease.  We too use the word issue, but treat each alleged breach within the one cause of action as separate claims for breach of lease.  (Code Civ. Proc., § 437c, subd. (f)(1).)

[3]  Andrew Meieran is part owner and managing member of Sixth & Spring, LLC. He is also president of defendant.  When Sixth & Spring, LLC, sold the building to plaintiff, it wanted to ensure that the right to possession of the bar space was transferred to the Andrew Meieran Family Trust (the Trust), one of Sixth & Spring, LLC's members.

3

[defendant]." This obligation is triggered "upon notice" to defendant. And, at paragraph 13, the lease requires that the defendant receive notice and an opportunity to cure before a default matures into a breach.

At paragraph 2.f.,[4] the purchase agreement provides: "Any reference anywhere in Lease or Addendum that refers to default on the part of Lessee in any way shape or form shall be eliminated in its entirety and shall be of no force or effect whatsoever."

*Arbitration*

In August 2006, the Trust commenced an arbitration action against plaintiff, asserting a claim for breach of the purchase agreement. The arbitrator found in favor of the Trust and against plaintiff, awarding the Trust millions of dollars in damages. The trial court reduced the arbitration award and confirmed it as reduced.

Plaintiff never asserted any right to defense or indemnity at any point during the arbitration or the trial court confirmation proceedings. Needless to say, it also did not give the type of notice contemplated by the lease.

*Notice to Perform Lease Covenant or Quit*

On February 11, 2008, plaintiff served a notice to perform lease covenant or quit on defendant. According to the notice, defendant was "in breach of the Lease, and specifically paragraphs 8.3(a), 8.3(b), 8.3(d), 8.4, 8.5 and 32, in that [it] failed to obtain appropriate insurance relating to the Premises." Plaintiff notified defendant that it had 30 days to cure the breach either by obtaining the required insurance or delivering up possession of the premises to plaintiff. Finally, the notice indicated that if defendant failed to comply "AS SET FORTH ABOVE, legal action would be instituted."

The notice did not mention an asserted right to defense or indemnification.

*Complaint*

Fourteen days later, on February 25, 2008, plaintiff initiated this action against defendant (and others). As against defendant, the complaint alleges a single cause of

---

**4** We discuss this provision only in the context in which it was raised by plaintiff. We offer no other interpretation or opinion as to the meaning of this paragraph.

action for breach of lease, based upon defendant's alleged failure to purchase insurance and alleged refusal to defend and indemnify plaintiff in the prior arbitration.[5]

*Motion for Summary Adjudication*

Defendant filed a motion for summary adjudication, arguing that plaintiff's claim for breach of lease failed because plaintiff did not perform certain conditions precedent relating to notice:[6] (1) Plaintiff failed to give defendant written notice of its alleged default under the lease to obtain insurance and an opportunity to cure the alleged default before filing suit; (2) Plaintiff failed to give defendant written notice of its alleged default under the lease to defend plaintiff in connection with the arbitration and an opportunity to cure the default before filing suit; and (3) Plaintiff failed to give defendant written notice of its alleged default under the lease to indemnify plaintiff in connection with the arbitration and an opportunity to cure before filing suit.

Plaintiff opposed the motion, arguing: (1) The lease provision requiring notice was removed from the lease; (2) It would have been an idle act to require plaintiff to give notice to defendant after the arbitration had commenced; and (3) Plaintiff did give notice to defendant, and defendant was unable to cure the default.

---

[5]   This cause of action also alleges failure to allow access to the property. According to a footnote in defendant's motion for summary adjudication, plaintiff withdrew this aspect of the cause of action.

[6]   Defendant also argued that each distinctly alleged wrongful act gave rise to individual causes of action that could be adjudicated separately. Plaintiff did not object, and the procedural issue was not raised on appeal. Pursuant to *Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848, 1854–1855, we track defendant's motion and address each issue as a separate cause of action.

*Trial Court Order Granting Summary Adjudication; Judgment; Appeal*

After entertaining oral argument, the trial court granted defendant's motion for summary adjudication. In so doing, it found: "While [defendant] was required under the Lease to obtain insurance against the risks defined in paragraph 8, its failure to do so was not a breach as defined by the Lease until 30 days after [plaintiff] gave written notice of the failure. Lease, para. 31.1(d). [Plaintiff], after it purchased the Building subject to the Lease on May 10, 2005, did not give written notice to [defendant] that it had failed to comply with the Lessee's obligation to obtain insurance coverage. [Plaintiff] thereafter commenced its demolition and construction work without notice to the Lessee to obtain the insurance that the Lease required it [to] obtain. [Plaintiff], therefore, failed to perform a condition precedent to putting [defendant] into breach under the Lease for its failure to obtain the required insurance coverages."

The trial court also determined: "[Plaintiff] failed to provide notice of its asserted right to indemnification and defense in the [prior] arbitration until after the arbitration was completed. [Plaintiff], therefore, did not comply with a condition precedent to placing [defendant] in breach of any failure to defend obligation. [Plaintiff], furthermore, did not comply with the terms of the arbitration provision in that it did not give [defendant] an opportunity to assume its defense by choosing counsel that was 'reasonably satisfactory to [plaintiff]' to conduct the defense. However, at a more basic level, the issues in dispute in the arbitration were not the consequence of [defendant's] conduct. The indemnification provision only applies to protect [plaintiff] from damage caused by [defendant]. The arbitration litigated [plaintiff's] conduct that caused damage to the Meieran Trust's interests."

Last, the trial court found that plaintiff "failed to provide notice of its asserted right to indemnification and defense in the . . . arbitration until after the arbitration was completed. [Plaintiff], therefore, did not comply with a condition precedent to placing [defendant] in breach of any failure to defend obligation. At a more basic level, the issues in dispute in the arbitration were not the consequence of [defendant's] conduct.

6

The indemnification provision only applies to protect [plaintiff] from damage caused by [defendant].  See, Lease para. 8.7."

Judgment was entered, and this timely appeal ensued.

## DISCUSSION

I.  *Standard of Review*

"A trial court properly grants summary [adjudication] where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)  We review the trial court's decision de novo." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

II.  *Analysis*

In this appeal, we are called upon to interpret provisions of the parties' lease.  We do so de novo under settled rules of contract interpretation.  (*Ameron Internat. Corp. v. Insurance Co. of State of Pennsylvania* (2010) 50 Cal.4th 1370, 1377.)  "The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the 'mutual intention' of the parties. 'Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation.  (Civ. Code, § 1636.)  Such intent is to be inferred, if possible, solely from the written provisions of the contract.  (*Id*., § 1639.) The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" (*id*., § 1644), controls judicial interpretation.  (*Id*., § 1638.)' [Citation.]"  (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18.)

A.  Issue No 1:  Plaintiff's cause of action for breach of lease fails because it neglected to give defendant written notice of its alleged default to obtain insurance and an opportunity to cure before filing this lawsuit

In issue No. 1 of its motion, defendant sought summary adjudication of that portion of the breach of contract cause of action concerning defendant's obligation to obtain insurance coverage.  Defendant argued that because plaintiff failed to provide 30 days written notice to defendant of defendant's alleged default, as required by paragraph 13, it failed to perform a condition precedent and thus cannot prevail.

It is well-established that when a lease requires notice of and an opportunity to cure a default, giving notice is a condition precedent to a suit for breach of the lease. (See *Clark v. Tide Water Associated Oil Co.* (1950) 98 Cal.App.2d 488, 489–491.)

Here, it is undisputed that the lease required notice and an opportunity to cure a default, a condition precedent to plaintiff's action for breach of lease.  It is also undisputed that plaintiff did not give the requisite 30 days notice—it served its notice on February 11, 2008, and then, only 14 days later, filed its complaint against defendant. Having failed to comply with the condition precedent to obtaining damages, plaintiff cannot prevail on its claim for breach of contract—unless it was excused from giving notice.  (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 515, pp.  648–649 [As a general rule, a cause of action for breach of contract includes a contract, plaintiff's performance or excuse for failure to perform, defendant's breach, and damage to the plaintiff resulting therefrom].)

At a minimum, it is disputed whether plaintiff was excused from giving notice because doing so could have been an idle act.  (Civ. Code, § 3532.)  What could have been more useless than advising defendant of its failure to obtain insurance after the insurable act had already occurred?  (*Stockton v. Stockton Plaza Corp.* (1968) 261 Cal.App.2d 639, 655–656 [written notice of breach not required because defendant could not have obtained the financing it needed to remedy the breach].)

8

Below, and on appeal, defendant asserts that it was plaintiff's failure to give notice of default that resulted in the impossibility for defendant to now obtain insurance. In other words, defendant blames plaintiff for its own failure to comply with its contractual obligation to procure insurance. At this stage of the proceedings, we cannot condone this argument. At a minimum, there is a triable issue of fact as to who is to blame for defendant's inability to obtain insurance coverage.

Defendant argues that there is no evidence suggesting that it would have failed to purchase the required insurance if plaintiff had given timely notice of the default. But, defendant neglects to explain what timely notice should have been. Was it the day the lease was signed? Or was it just at some point before nearly three years later, when insurance could no longer be purchased? The parties do not help us because they do not address this issue, or the question of reasonable time, in their briefs.

Having concluded that a triable issue of fact exists as to this aspect of defendant's motion for summary adjudication, we must reverse the judgment. (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 178.)

B. Issue Nos. 2 and 3: Plaintiff's cause of action for breach of lease fails because it neglected to give defendant written notice of its alleged default to defend and indemnify plaintiff in the underlying arbitration and an opportunity to cure before filing this lawsuit

As pointed out by defendant in its respondent's brief, plaintiff did not make any futility argument regarding notice of the defense and indemnity obligation. Therefore, we agree with defendant that plaintiff has abandoned this argument on appeal. (*Padilla v. Rodas* (2008) 160 Cal.App.4th 742, 753, fn. 2.)

In urging reversal, plaintiff argues that the notice provision was removed from the lease. We cannot agree for at least two reasons. *First*, the argument raised below contradicts the plain language of the purchase addendum. Plaintiff argued that paragraph 2.f. eliminated plaintiff's obligation to give notice in the event of a default. But, by its terms, paragraph 2.f. applies only to "default[s] on the part of the Lessee." It did not

9

eliminate any defaults on the part of the plaintiff, including its obligation to give notice. *Second*, the argument raised on appeal (paragraph 2.f. prohibits plaintiff from evicting defendant from the premises) has been forfeited because it was not raised below. (*Algeri v. Tonini* (1958) 159 Cal.App.2d 828, 832; see also *In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 [permitting a party to adopt a new theory on appeal would be unfair to the trial court and manifestly unjust to the opposing litigant].)

It follows that we affirm the trial court's order granting summary adjudication of issue Nos. 2 and 3.

## DISPOSITION

The trial court order's order granting summary adjudication of issue Nos. 2 and 3 is affirmed. The trial court's order granting summary adjudication of issue No. 1 is reversed. The judgment of the trial court is reversed and remanded to the trial court for further proceedings. The parties to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
               ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ

10