[Civ. No. 4655. Fourth Dist. Mar. 3, 1954.]

N. LINDSAY SOUTH, Plaintiff and Appellant, v. H. A. WISHARD et al., Respondents; MAUDINE BROWN, Defendant and Appellant.

James C. Janjigian and Lawrence W. Young for Plaintiff and Appellant.

James V. Paige for Defendant and Appellant.

J. E. Simpson for Respondents.

GRIFFIN, J.—Plaintiff and appellant brought this action to quiet title to and establish a trust in certain oil rights, and for an accounting. The original complaint alleged that plaintiff was the owner of a one-sixteenth interest of all oil, gas and other hydrocarbon substances saved and produced from certain described parcels of land in Fresno County, which rights were commonly known as landowner's royalty; that defendants H. A. Wishard, Stella Wishard, his wife, and Maudine Brown, claim and assert an interest therein adverse to plaintiff and that their claims "in said land or premises . . ." or "said oil," etc., "produced therefrom" are without right.

As a second cause of action plaintiff incorporates the same allegations above mentioned, and in addition he alleges that on May 19, 1933, one Sumpf was one of the owners of the above-described property and of the so-called overriding royalty interest above stated; that on May 19, 1933, defendant Wishard (an attorney) orally agreed with plaintiff (an attorney) to attend to drafting an agreement for him with

Sumpf, to organize a corporation. As a consideration therefor plaintiff was to receive a one-sixteenth interest in all oil, etc, produced from the described premises; that such services were performed, but Wishard took an assignment of the one-sixteenth interest in his own name and has received large payments of money by virtue thereof; that accordingly defendant Wishard holds such interest and the proceeds in trust for plaintiff, all totaling the value of $234,000. It is then alleged that plaintiff did not discover these facts until five months prior to the date of the filing of his complaint. It was prayed that plaintiff be decreed the owner of the same and for an accounting; that defendants be required to set forth the nature of their claims and that title be quieted in plaintiff.

It is conceded that at all times mentioned Wishard and his wife were and are residents of Los Angeles County, and that the defendant Brown was and is a resident of Fresno County.

Upon filing an affidavit setting out these facts, as well as many claimed reasons why no cause of action was stated against defendants and the claim that defendant Brown was not a necessary or proper party to the action, the Wishards moved for change of place of trial to Los Angeles County as being the proper place for the trial of the cause. General demurrers of the Wishards were filed and a time for hearing the motion was fixed. Four days before the motion was heard plaintiff filed a first amended complaint. It contained two causes of action. It alleged generally the same quiet title action against defendant Brown as alleged in the first cause of action in the original complaint. As a second cause of action plaintiff incorporates the provisions of the first cause of action and similarly alleges the facts pertaining to the claimed trust, with some elaboration. The hearing on the first motion was put off calendar. On September 4, 1951, defendants Wishard filed another motion for change of venue supported by similar affidavits and points and authorities.

Apparently both motions were argued and submitted, and on September 25, 1951, were denied. Defendants Wishard, on November 21, filed a notice of appeal from the order denying the motion. It is their claim that this application was made, relying upon the holding in *Hagan* v. *Gilbert,* 83 Cal. App.2d 570 [189 P.2d 548], but that they subsequently found that *Monogram Co.* v. *Kingsley,* 38 Cal.2d 28 [237 P.2d 265], overruled this authority and they accordingly

abandoned their application. The record shows that the appeal was dismissed by this court on motion of plaintiff. Demurrers to the first amended complaint were filed by the respective parties. Apparently, on July 2, 1952, the demurrers were sustained and plaintiff was given 10 days to amend. Thereafter, plaintiff filed a second amended complaint. In the first cause of action he alleges that defendant Brown resided in Fresno County; that the Wishards had full knowledge of the facts alleged in the second and third causes of action hereinafter stated; that a breach of trust arose by which the Wishards received a one-sixteenth interest in the oil, gas, etc., produced from the described land; and that each of the defendants asserts an interest therein adverse to plaintiff.

In the second cause of action directed against the defendants Wishard only, after incorporating the provisions of the first cause of action, he alleges that Sumpf and his wife were owners of an overriding royalty interest in and to all oil, gas, etc. produced and saved from the described real property, and then plaintiff relates in detail, a friendly and confidential relationship between plaintiff and the Wishards since 1933, as lawyers in the same office. It is alleged that one Caine came to plaintiff's office in 1933, and advised plaintiff that Sumpf desired to organize a corporation and that Caine had agreed with Sumpf to obtain a lawyer to organize it at no expense to Sumpf but, as a consideration therefor Sumpf agreed to assign to Caine a two-sixteenths interest in and to the oil, gas, etc., produced from said lands and that plaintiff was to receive one-half of Caine's interest for such legal services performed; that in the absence of plaintiff from the office Wishard volunteered to and did draw the necessary instruments and in addition, drew up, without plaintiff's knowledge, an assignment of the one-sixteenth interest running in his individual favor; that Wishard concealed this fact from plaintiff and represented to plaintiff that the parties had abandoned the formation of the corporation and that accordingly, based upon these facts, the Wishards held said interest in trust for plaintiff; that Wishard repudiated such trust and that defendant Brown claimed some interest in such assigned royalty by virtue of an agreement in writing executed in 1933, by which Wishard assigned a small interest therein to her; that subsequently Wishard likewise told her such assigned interest was worthless and not to record it because all matters pertaining to the incorporation had been

abandoned, when in truth and in fact such representations were false and untrue; that Wishard has, ever since 1938, been receiving large sums of money from said transaction, based on the one-sixteenth royalty interest involved, and that plaintiff did not discover the true facts until 1951.

As a third cause of action against the Wishards only, plaintiff incorporates the provisions of the other causes of action and alleges that Wishard acted as agent for plaintiff and in violation of his trust divested him of said one-sixteenth interest.

As a fourth cause of action, similar allegations are made by reference to the previous causes of action, and plaintiff alleges that defendants Wishard, by reason of their wrongful acts, have fraudulently enriched themselves at the expense of plaintiff, in the sum of $234,000, and in equity and good conscience they are not entitled to any part of the royalty described or its proceeds.

The prayer is that plaintiff be decreed the owner of and entitled to the proceeds of the one-sixteenth interest in and to the oil, gas, etc. produced and saved from the real property described; that the court decree that defendants Wishard and Brown convey their respective interests to plaintiff; that the Wishards account to plaintiff for the money received by them; that all defendants be required to set forth the nature of their claims to said royalty interest and the proceeds thereof, and that it be decreed that defendants have no estate therein and that defendants be enjoined from asserting any claim thereto, or in the alternative that Wishards pay the value thereof to plaintiff. A copy of the assignment by Sumpf to Wishard, executed on May 19, 1933, was attached to the complaint.

On September 8, 1952, the Wishards moved for change of place of trial, in which it is alleged that they are residents of Los Angeles County and that defendant Brown, although named only in the first cause of action, and although a resident of Fresno County, was improperly joined as a defendant solely for the purpose of having the action tried in Fresno County, and that accordingly her residence should not be considered in determining the proper place of trial, and that said motion would be made upon the records, papers, pleadings and other documents then on file in the case, the affidavits of defendants, and the record of the Department of Interior of the United States, of which the court is required to take judicial knowledge.

In defendant Wishard's affidavit these general statements are reiterated. In addition it is alleged, and proof was submitted, that the records of the land department conclusively show that the lands described in the first cause of action are public lands of the United States; that on July 2d, 1910, the President withdrew said lands from public entry and made them a part of the Petroleum Reservation No. 2; that they were subsequently opened for public entry for the purpose of prospecting thereon for oil and gas under the provisions of the Act of Congress approved February 25, 1920 (41 Stats. 437; 30 U.S.C.A. § 181 et seq.), and that said documents disclose that on January 30, 1929, the Secretary of the Interior granted an oil and gas prospecting permit to Lena Getchel; that she assigned said permit to Petroleum Security Company, retaining an overriding royalty, and that she subsequently assigned to Sumpf an interest therein; that by a duly recorded instrument Sumpf assigned to Wishard "an undivided 1/16 interest in all of" the royalty interest acquired by him from her.

Wishard denied that he ever executed to Maudine Brown an assignment in writing of any interest in any overriding royalty. He also denied generally the allegations of plaintiff's complaint.

Demurrers to the second amended complaint were filed. Defendant Brown filed an affidavit in opposition to the motion for change of place of trial, and an answer to the second amended complaint and admitted she claimed and asserted an interest in "said property and the proceeds thereof" and denied it was without right.

In support of plaintiff's claim that the action should be retained in Fresno County plaintiff alleges that defendant Brown and many of plaintiff's witnesses lived in Fresno; that the agreement between plaintiff and Wishard was to be performed in Fresno County; that Maudine Brown is a necessary and indispensable party to said action; that one such motion for change of venue was previously denied and that no changed conditions or new grounds have presented themselves which would allow defendants to reapply for such a change; that defendant Brown has filed a verified affidavit setting forth the nature of her claim and interest in the property involved; that the court should not try the merits of the action at this time and accordingly the motion for change of place of trial should be denied. After considera-

tion of the pleadings and the showing made the court granted the motion and plaintiff and defendant Brown appealed.

Counsel for plaintiff contends that a cause of action is stated against defendant Brown, as well as the Wishards in the usual and ordinary language of a quiet title action (22 Cal. Jur. p. 146, § 28); that since it is alleged, under a verified pleading, that plaintiff is the owner of an overriding royalty interest in and to, and entitled to the proceeds of, a one-sixteenth interest in all oil, gas and other hydrocarbon substances saved and produced from certain real property in Fresno County, and that defendants, without right, assert some interest therein, that the right to change the change of place of trial must be determined from this uncontroverted pleading; that the first cause of action involves an interest in real property and is not a transitory action and that the demurrers may not be considered as a part of the pleadings pending the determination of such a motion, citing such cases as *Hayutin* v. *Rudnick,* 115 Cal.App.2d 138 [251 P.2d 707]; and *White* v. *Kaiser-Frazer Corp.,* 100 Cal.App.2d 754, 758 [224 P.2d 833].

Defendants Wishard concede this general rule but contend it does not apply where the material allegations of the complaint are controverted and where the facts, of which the court must take judicial knowledge, are contrary to the facts alleged; that the verified complaint may be considered as an affidavit or evidence in opposition to the motion, but if the affidavit and showing made by the defendants contradict the facts alleged in the complaint, the court is not bound to accept plaintiff's averments as true and the court may look behind the general allegations of the complaint to determine whether defendant, other than the moving party, has been improperly joined to prevent the transfer, and that an order made on conflicting affidavits may not be disturbed on appeal, citing such cases as *Heringer* v. *Schumacher,* 88 Cal.App. 349 [263 P. 550]; *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931]; *Swartz* v. *California Olive Growers' Packing Corp.,* 56 Cal.App.2d 168 [133 P.2d 20]; and *Hayutin* v. *Rudnick,* 115 Cal.App.2d 138 [251 P.2d 707], in which case the court considered the conflict in the affidavits as to the place of defendant's residence. The cases cited by defendants Wishard support the general proposition related by them.

Section 395 of the Code of Civil Procedure provides that if any person is improperly joined as a defendant or has been made a defendant solely for the purpose of having the action

tried in the county in which he resides, his residence must not be considered in determining the proper place for the trial of the action.

In *Taff* v. *Goodman,* 41 Cal.App.2d 771 [107 P.2d 431], it was held that in considering, as to their places of residence, conflicting affidavits used on a motion for change of venue, an appellate court must consider as established the facts stated in the affidavits of the prevailing party; that where there are several defendants who reside in different counties, the law gives the plaintiff the right of bringing the action in the county in which any one of them may reside; and that the usual test to determine whether a defendant has been joined in bad faith is whether or not the complaint states a cause of action against him. It is the rule, however, that upon the hearing of such motion, the court should not, *upon conflicting affidavits,* try the issues of fact going to the merits of the cause of action stated against the resident defendant. (*Gottesfeld* v. *Richmaid Ice Cream Co.,* 115 Cal.App.2d 854, 856 [252 P.2d 973], and cases cited.)

In *Freeman* v. *Dowling,* 219 Cal. 213 [25 P.2d 980], it is stated that the test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all of the relief which is properly included in the prayer for the relief sought therein, citing cases. For a further discussion of the subject matter see *Badella* v. *Miller,* *(Cal.App.) 266 P.2d 208; and *Marchese Bros.* v. *A. Lyon & Sons, ante,* p. 193 [266 P.2d 556].

*Livermore* v. *Beal,* 18 Cal.App.2d 535 [64 P.2d 987], involved four actions in the nature of quieting title to interests in certain lands. The question arose on demurrer whether the court was bound by the allegations of the complaint or whether it could consider various documents emanating from the General Land Office of the Department of Interior of the United States to ascertain facts of which it was bound to take judicial notice relative to the title or possession of the premises involved. It was there held, quoting from *Chavez* v. *Times-Mirror Co.,* 185 Cal. 20 [195 P. 666], that there was no dissent from the proposition that in the consideration of a pleading the courts must read the same as if it contained a statement of all matters of which they are required to take

*A hearing was granted by the Supreme Court on April 7, 1954.

judicial notice, even when the pleading contains an express allegation to the contrary. And also said:

"Why should a general demurrer to a complaint be overruled and the parties required to proceed to the trial of an issue of fact when the court, looking to a law of which it is bound to take notice, can clearly see that one of the essential allegations of the complaint can never by any legal possibility be proved?"

The trial court, as well as this court, is therefore authorized to read into the pleadings here in question those facts of which, under the law, it is required to take judicial notice in determining whether a cause of action is stated against defendant Brown, whether plaintiff could recover any relief as against her by said action under any circumstances, and whether she was a necessary and indispensable party to it. (*Arnold* v. *Universal Oil Land Co.*, 45 Cal.App.2d 522 [114 P.2d 408].)

Viewing, in this light, the decision of the trial court reached under the facts established, we conclude that the order, as made, has evidentiary as well as legal support. Where a complaint contains several causes of action, one general and the other specific, and it appears, as in the instant case, that recovery under the general count is dependent upon the allegations and proof of the specific count, the complaint is considered as a whole and as stating but one cause of action. If the specific count is insufficient, then the whole complaint is bad as to any defendant against whom no cause of action is stated. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484 [110 P.2d 396]; *Ephraim* v. *Metropolitan Trust Co.*, 28 Cal. 2d 824 [172 P.2d 501]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248]; *Dabney* v. *Philleo*, 38 Cal.2d 60, 68 [237 P.2d 648]; *Estrada* v. *Alvarez*, 38 Cal.2d 386, 388 [240 P.2d 278]; *Carlson* v. *Lindauer*, 119 Cal.App.2d 292, 302 [259 P.2d 925]; *Peninsula Properties Co., Ltd.* v. *County of Santa Cruz*, 34 Cal.2d 626, 629 [213 P.2d 489].)

The uncontradicted facts show that the fee title to the real property involved is in the United States of America. Since the United States of America is not a party to this action and has not consented to be sued therein, no relief would be obtainable by any of the parties which would cloud or affect its title to the real property involved and the court would have no jurisdiction, as against the government, to so decree. (*Livermore* v. *Beal*, *supra*.)

It has been held that an oil royalty interest in United States

lands, for an indeterminate period such as here involved, constitutes an interest in real property. (*Dougherty* v. *California Kettleman Oil Royalties, Inc.*, 9 Cal.2d 58 [69 P.2d 155].) Article VI, section 5 of our Constitution provides that actions to recover possession of or to quiet title to real property, can only be commenced in the county where the lands are situated. To the same effect is section 392 of the Code of Civil Procedure. However, it was held in *Dougherty* v. *California Kettleman Oil Royalties, Inc., supra,* that where an action is for royalties already accumulated and to be thereafter accumulated, based upon an alleged contract, it is primarily a transitory equitable action to enforce a trust, and even though the subject of the trust *were real estate,* such an action does not come within the purview of the constitutional provision above mentioned; that where the action is to enforce a trust as to oil royalties, it is likewise enforceable against an assignee who takes *with notice of the outstanding royalty.* On the other hand, it has been held that the transferee of a trustee is not liable to the equitable claimant beneficiary in the absence of allegations and proof that the transferee did not acquire the interest in good faith or for a valuable consideration and with knowledge of the trust. (*Warnock* v. *Harlow*, 96 Cal. 298 [31 P. 166, 31 Am.St.Rep. 209]; *Kowalsky* v. *Kimberlin,* 173 Cal. 506 [160 P. 673]; Rest. Laws of Trusts, vol. II, p. 868, § 284; and Civ. Code, §§ 856, 869, 869a, and 2243.) It is not so alleged in plaintiff's complaint. On the contrary, it is alleged, on information and belief, that defendant Brown acquired her claimed royalty interest "by a written instrument." Under such circumstances, there is a presumption of due consideration. (Civ. Code, §§ 1614 and 1615; and Code Civ. Proc., § 1963, subd. 39.) In plaintiff's affidavit in opposition to the motion, he recites that in 1933 defendant Brown received from Wishard, in writing, and for a good and sufficient consideration, an assignment of a certain overriding royalty interest described in the first cause of action, and the complaint alleges that in 1939 plaintiff learned and knew that Wishard had allegedly assigned a portion of this interest to defendant Brown. Plaintiff took no steps until 1951 to seek to recover or quiet title to this claimed interest. Instead he waited 11 years before taking any action. The burden was upon plaintiff to excuse this failure to proceed diligently against defendant Brown within the statutory period following discovery. (*Lady Washington Consol. Co.*

v. *Wood,* 113 Cal. 482 [45 P. 809]; *Arnold* v. *Universal Oil Land Co.,* 45 Cal.App.2d 522 [114 P.2d 408].) Apparently, from letters passing between Brown and the Wishards, submitted with the motion, the contents of which are not controverted, it was not until June 28, 1938, when defendant Brown wrote Wishard, that she noticed in the newspaper that oil had been struck on the Getchel lease, and wanted to know if he remembered a certain morning when he, "with some ceremony" presented her with a "very small interest in some venture because of her untiring services (as his secretary) . . . in connection with the writing up of the assignments"; and that her "greatest ambition in life was to have some interest in an oil well." It appears that again on July 11, 1939, she wrote and said she looked for such a signed document to record it but could not find it. Wishard wrote her on July 14, 1939, that he was surprised to learn of her claim and denied any such transaction. He advised her that if she was making any such claim she should see an attorney. Wishard stated that he heard nothing further in reference to her claimed interest until this action was commenced in June of 1951.

In *Troll* v. *City of St. Louis,* 257 Mo. 626 [168 S.W. 167, 175], cited in *Arnold* v. *Universal Oil Land Co., supra,* p. 531, it is said:

"'No doctrine is so wholesome, when wisely administered, as that of laches. It prevents the resurrection of stale titles, and forbids the spying out from the records of ancient and abandoned rights. It requires of every owner that he take care of his property, and of every claimant that he make known his claims. It gives to the actual and longer possessor security, and induces and justifies him in all efforts to improve and make valuable the property he holds,' etc. Or, in other words, one is not permitted to stand by while another develops property in which he claims an interest, and then if the property proves valuable, assert a claim thereto, and if it does not prove valuable, be willing that the losses incurred in the exploration be borne by the opposite party. . . ."

The above showing substantiates the court's finding that the defendant Brown was made a defendant in the first cause of action solely for the purpose of having the action tried in the county of her residence, and the contention of defendant Wishard that if she had any interest in the property she should be a plaintiff and not a defendant, and accordingly, that she is improperly joined as a defendant.

In considering whether a cause of action is stated against her we must take into consideration the pleadings and record of the United States Land Office which show that Wishard held legal title to the one-sixteenth interest here involved by virtue of a duly executed assignment; and that there was no record of an assignment of any portion of this interest to defendant Brown. (See Civ. Code, §§ 869 and 869a.)

It therefore appears that before plaintiff could recover under any cause of action against Wishard, he must first establish an equitable title against the legal title. That an action to quiet title will not lie in favor of the holder of an equitable title as against the owner of the legal title is a proposition settled by repeated decisions of our courts. (*Buchner* v. *Malloy,* 155 Cal. 253 [100 P. 687]; *G. R. Holcomb Estate Co.* v. *Burke,* 4 Cal.2d 289, 297 [48 P.2d 669].) Before defendant Brown could claim any interest in the property by reason of some unestablished written assignment, it would be necessary that she establish the existence of such an assignment and that she had complied with the provisions of title 43, Code of Federal Regulations, Cumulative Supplement, sections 192.42(b) and (c), which require that royalty interests in oil and gas leases constitute holdings or control of lands and deposits, and that assignments of such interests in leases must be filed for record in the appropriate district land offices, and that they will not be approved unless and until a discovery of a valuable deposit of oil or gas is made. It further provides that such regulation is effective November 18, 1938, and applicable to all assignments of royalty interests in oil and gas leases not theretofore approved by the department regardless of the date on which the assignment was made. Section 192.141 provides that "all instruments of transfer of a lease or an interest thereon . . . including assignments of record title, working or royalty interests . . . must be filed for approval within ninety days from final execution." It is apparent that defendant Brown did not comply with any of these provisions, and there is no showing that she, at the time of trial, could establish that she had complied with them.

The fact that the trial court denied a previous motion for change of place of trial, based upon the original pleadings, is not controlling. It is true that a second motion for change of venue should be discouraged if the complaint and the conditions remain unchanged. (*Yellow Mfg. Accept. Corp.* v. *Stoddard,* 93 Cal.App.2d 301 [208 P.2d 1040].) Here,

plaintiff amended the pleadings in a material respect and there was then called to the attention of the trial court the facts of which it was bound to take judicial notice. A different question was, accordingly, presented. The subsequent order transferring the action was authorized. (*Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]; *Connell* v. *Bowes*, 49 Cal.App.2d 542 [122 P.2d 71].)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 28, 1954. Carter, J., was of the opinion that the petition should be granted.