[Civ. No. 30214.   Second Dist., Div. Two.   Dec. 9, 1966.]

LEON GERHARDT, Plaintiff and Appellant, v. HARRY C. WEISS et al., Defendants and Respondents.

Parker, Stanbury, McGee, Peckham & Garrett and A. P. G. Steffes for Plaintiff and Appellant.

Levin, Oliker & Ballin, Harmon R. Ballin, White & Wulliger and Milton N. White for Defendants and Respondents.

FLEMING, J.—According to the pleadings, this is yet another case of the faithless agent attempting to hide his double-dealing behind the skirts of the statute of frauds. But skirts are not as voluminous as they once were nor the coverage of the statute as comprehensive as it was sometimes thought to be. Unshapely limbs and unsightly conduct alike are today disclosed to public view, and both must risk the consequences of full exposure.

Gerhardt brought suit against the Weisses to impress a constructive trust on certain real property held in the name of Ruth Weiss, the wife of real estate agent Harry Weiss. The defense of the statute of frauds was first heard, and the court dismissed the suit as barred by the statute (Civ. Code, § 1624, subds. 4 and 5), because, concededly, Gerhardt had no memorandum in writing signed by either defendant. The cause is here on appeal.

According to Gerhardt's complaint, he employed Harry Weiss, a real estate broker, to purchase on his behalf certain real property in California from owners who lived in Alaska. At Weiss's request, Gerhardt sent Weiss a signed authorization to act as his agent for 90 days to purchase the property for $50,000, an authorization whose text is attached to the complaint.[1] Weiss promised Gerhardt he would negotiate with

---

[1]
"18201 Labrador St.
Northridge, Calif.
Feb. 2, 1963

"Harry C. Weiss
14536 Otsego
Sherman Oaks, Calif.

"Dear Harry,

"This letter will confirm our conversations of this past week, at my home and on the telephone, regarding my intention to buy the property located at 18223 Halsted Street, Northridge, California.

"I do herein authorize you, Harry C. Weiss, to act as my agent for the period of ninety days, commencing February 2, 1963 and expiring May 2, 1963, for the following specific purpose: to purchase the property, as is, located at 18223 Halsted Street, Northridge, California, and to pay up to fifty thousand ($50,000) for this property, and to pay all cash or cash to the existing loans.

"As you know, this property is directly adjacent to and west of my Northridge Sanitarium property.

"Harry, please pursue this diligently but quietly. I suggest an initial

the owners of the property for its purchase and proceeded to do so, but although he obtained an agreement from the owners to sell for $39,375 he reported to Gerhardt he had been unsuccessful in his negotiations. Instead of acting on Gerhardt's behalf, Weiss opened an escrow in the name of his sister-in-law, Marion White, who took title to the property and then conveyed it to Ruth Weiss, Harry's wife. The complaint, charging that Ruth Weiss acted in concert with her husband, with full knowledge of his relationship to Gerhardt, sought to impress a constructive trust on the property and compel its conveyance to Gerhardt.

█ In our view the statute of frauds does not apply to the case. Essentially, this is a suit in equity to impress a trust on a faithless fiduciary and not an action at law to enforce a contract. █ An agent is classified by the law as a fiduciary and holds a confidential relationship to his principal. (Civ. Code, § 2322, subd. (3); *Buckley* v. *Savage,* 184 Cal.App.2d 18 [7 Cal.Rptr. 328].) █ Sufficient facts to establish agency and to charge both actual and constructive fraud are set forth in the complaint, which charges the defendants with acquiring the property in breach of the fiduciary duty owed by Weiss as agent to Gerhardt as principal. █ Such allegations would support a cause of action for constructive fraud even though they had set out no more than an oral promise by an agent to purchase land in his principal's name. (*Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732]; *Robertson* v. *Summeril,* 39 Cal.App.2d 62 [102 P.2d 347]; *South* v. *Wishard,* 146 Cal. App.2d 276 [303 P.2d 805]; 2 Witkin, Cal. Procedure (1954) 1422, § 441; 49 Cal.Jur.2d, Trusts, § 379.)

█ But this case has more. Gerhardt, at Weiss' request, signed an authorization of employment which would have been sufficient in all respects to subject Gerhardt to liability for the payment of a commission to Weiss if the latter had performed. Written proof of the creation of an agency relationship was

---

offer of thirty-seven or thirty-eight thousand dollars ($37,000 or $38,000). However, use your best judgment. I have complete confidence in you. You know the owner is out of state as I have previously told you.

"Above all, I do not wish to lose this parcel. As I stated, I will pay up to fifty thousand dollars for the property. However, if this offer will not buy it, bring me the lowest counter offer you can get from the owner. If the owner objects or refuses to pay the regular real estate commission to you, then I shall pay it to you. Please keep in touch with me on this matter. If I happen to be out of the city, my daughters will know where to reach me.

"Very truly yours,
/s/ Leon Gerhardt
Leon Gerhardt"

clearly pleaded in the complaint. If the evidence should support the averments of the complaint there could be no doubt that a fiduciary relationship between Weiss and Gerhardt existed and that Weiss was required to act in accordance with the trust he had undertaken. Charges of dishonest conduct against a fiduciary should be answered on their merits and not eased out of court on spurious technicalities. We see no need to restate the excellent legal analysis of the duties owed by a real estate agent to his principal set forth at length by Mr. Justice Fox in *Walter H. Leimert Co.* v. *Woodson,* 125 Cal.App.2d 186, 189-192 [270 P.2d 95]. Sufficient to say that the analysis fully applies to the present case, whose facts are comparable to those in the *Leimert* case.

The judgment is reversed.

Roth, P. J., and Herndon, J., concurred.